UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------x

Rhoan Mcdonald

                Plaintiff,                                    Index No: 2:20-cv-2664

           -against-                                    Demand for Trial by Jury

Experian Information Solutions, Inc.,
Teachers Federal Credit Union,
Ally Financial Inc.

                Defendant(s).

-------------------------------------------------------------------------x

## COMPLAINT

Plaintiff Rhoan Mcdonald ("Plaintiff"), by and through his attorneys, and as for his Complaint against Defendant Experian Information Solutions, Inc. ("Experian"), Defendant Teachers Federal Credit Union ("TFCU"), and Defendant Ally Financial Inc. ("Ally"), respectfully sets forth, complains, and alleges, upon information and belief, the following:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq*.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and the Defendants transact business here.

3. Plaintiff brings this action for damages arising from the Defendants' violations of 15 U.S.C. § 1681 *et seq*., commonly known as the Fair Credit Reporting Act ("FCRA").

## PARTIES

4. Plaintiff is a resident of the State of New York, County of Suffolk, residing at 100 South 29th Street, Wyandanch, NY 11798.

5. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

6. Defendant Experian Information Solutions, Inc. is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Experian is an Ohio corporation registered to do business in the State of New York, and may be served with process upon the CT Corporation System, its registered agent for service of process at 28 Liberty Street, New York, NY, 10005.

7. At all times material here to Experian is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681a(p) to third parties.

8. At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

9. Defendant Teachers Federal Credit Union, is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 with an address for service at 102 Motor Parkway, Hauppauge, NY 11788.

10. Defendant Ally Financial Inc. is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 with an address for service c/o the CT

Corporation System, its registered agent for service of process at 28 Liberty Street, New York, NY, 10005.

## FACTUAL ALLEGATIONS

11. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

### TFCU Account Dispute and Violation

12. On information and belief, on a date better known to Defendant Experian, Experian prepared and issued credit reports concerning the Plaintiff that included inaccurate information relating to his TFCU account.

13. On the Plaintiff's Experian credit report, the TFCU trade line is simultaneously written off, charged off, past due, yet maintains an open balance.

14. This trade line is inherently inaccurate and false because it cannot simultaneously contain an open balance and be written off, since the part of the account that is written off should no longer be included in a past due balance.

15. Furthermore, the amount written off by TFCU is greater than the total balance.

16. Experian has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

17. Plaintiff notified Experian that he disputed the accuracy of the information Experian was reporting on or around July 29, 2019, specifically stating in a letter that he was disputing the reporting of the conflicted statuses and balance of the account.

18. It is believed and therefore averred that Defendant Experian notified Defendant TFCU of the Plaintiff's dispute.

19. Upon receipt of the dispute of the account from Experian, TFCU failed to timely conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer reports of the Plaintiff with respect to the disputed account.

20. This disparity between the amount written off and total balance indicates the degree to which the Defendants failed to investigate the information on Plaintiff's credit report.

21. Furthermore, TFCU failed to continuously mark the account as disputed despite receiving notice of the Plaintiff's dispute.

22. Despite the dispute by the Plaintiff that the information on his consumer report was inaccurate with respect to the disputed accounts, Experian did not timely evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not timely make an attempt to substantially reasonably verify that the derogatory information concerning the disputed accounts was inaccurate.

23. Experian violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and deleting the disputed trade line within 30 days of receiving Plaintiff's dispute letter.

24. Notwithstanding Plaintiff's efforts, Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

25. As of the date of the filing of this Complaint, Defendant TFCU continues to furnish credit data which is inaccurate and materially misleading, and Experian's reporting of the above-referenced trade lines continues to be inaccurate and materially misleading.

26. As a result of Defendants' failure to comply with the FCRA, Plaintiff has suffered a decreased credit score due to the inaccurate information on Plaintiff's credit file.

### Ally Dispute and Violation

27. On information and belief, on a date better known to Defendant Experian, Experian prepared and issued credit reports concerning the Plaintiff that included inaccurate information relating to his Ally account.

28. On the Plaintiff's Experian credit report, the Ally trade line is simultaneously listed as written off, charged off, past due, yet maintains an open balance.

29. This trade line is inherently inaccurate and false because it cannot simultaneously contain an open balance and be written off, since the part of the account that is written off should no longer be included in a past due balance.

30. Experian has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

31. Plaintiff notified Experian that he disputed the accuracy of the information Experian was reporting on or around July 29, 2019, specifically stating in a letter that he was disputing the reporting of the conflicted statuses and balances of the account.

32. It is believed and therefore averred that Defendant Experian notified Defendant Ally of the Plaintiff's dispute.

33. Upon receipt of the dispute of the accounts from Experian, Ally failed to timely conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer reports of the Plaintiff with respect to the disputed account.

34. Despite the dispute by the Plaintiff that the information on his consumer report was inaccurate with respect to the disputed accounts, Experian did not timely evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not timely make an attempt to substantially reasonably verify that the derogatory information concerning the disputed accounts was inaccurate.

35. Experian violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and deleting the disputed trade line within 30 days of receiving Plaintiff's dispute letter.

36. Notwithstanding Plaintiff's efforts, Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

37. As of the date of the filing of this Complaint, Defendant Ally continues to furnish credit data which is inaccurate and materially misleading, and Experian's reporting of the above-referenced trade line continues to be inaccurate and materially misleading.

38. As a result of Defendants' failure to comply with the FCRA, Plaintiff has suffered a decreased credit score due to the inaccurate information on Plaintiff's credit file.

## FIRST CAUSE OF ACTION
### (Willful Violation of the FCRA as to Experian)

39. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

40. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

41. Experian violated 15 U.S.C. § 1681e by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Experian maintained concerning the Plaintiff.

42. Experian has willfully and recklessly failed to comply with the Act. The failures of Experian to comply with the Act include but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d) The failure to promptly and adequately investigate information which Defendant Experian had notice was inaccurate;

    e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

    g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

    h) The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

43. As a result of the conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

44. The conduct, action and inaction of Experian was willful rendering Experian liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681n.

45. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Rhoan Mcdonald, an individual, demands judgment in his favor against Defendant, Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION
### (Negligent Violation of the FCRA as to Experian)

46. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

47. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

48. Experian violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

49. Experian has negligently failed to comply with the Act. The failures of Experian to comply with the Act include but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d) The failure to promptly and adequately investigate information which Defendant Experian had notice was inaccurate;

    e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

    g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

    h) The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

50. As a result of the conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

51. The conduct, action and inaction of Experian was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

52. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Rhoan Mcdonald, an individual, demands judgment in his favor against Defendant, Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## THIRD CAUSE OF ACTION
### (Willful Violation of the FCRA as to TFCU)

53. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

54. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

55. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

56. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

57. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the one listed above must report the results to other agencies which were supplied such information.

58. The Defendant TFCU violated 15 U.S.C. § 1681s-2(a) by the publishing of the Account Liability Representation; by failing to fully and improperly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

59. Specifically, the Defendant TFCU continued to report this account on the Plaintiff's credit report after being notified of his dispute regarding the conflicting statuses and balances of the trade line.

60. Additionally, the Defendant TFCU failed to continuously mark the account as disputed after receiving notice of the Plaintiff's dispute.

61. As a result of the conduct, action and inaction of the Defendant TFCU, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

62. The conduct, action and inaction of Defendant TFCU was willful, rendering Defendant TFCU liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

63. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant TFCU in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Rhoan Mcdonald, an individual, demands judgment in his favor against Defendant, TFCU, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## FOURTH CAUSE OF ACTION
**(Negligent Violation of the FCRA as to TFCU)**

64. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

65. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

66. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

67. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

68. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above-named Defendant must report the results to other agencies which were supplied such information.

69. Defendant TFCU is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2b.

70. After receiving the Dispute Notice from Experian, Defendant TFCU negligently failed to conduct its reinvestigation in good faith.

71. A reasonable investigation would require a furnisher such as Defendant TFCU to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

72. Additionally, the Defendant TFCU failed to continuously mark the account as disputed after receiving notice of the Plaintiff's dispute.

73. The conduct, action and inaction of Defendant TFCU was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

74. As a result of the conduct, action and inaction of the Defendant TFCU, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

75. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant TFCU in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Rhoan Mcdonald, an individual, demands judgment in his favor against Defendant, TFCU, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## FIFTH CAUSE OF ACTION
### (Willful Violation of the FCRA as to Ally)

76. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

77. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

78. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

79. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The

furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

80. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above listed above must report the results to other agencies which were supplied such information.

81. The Defendant Ally violated 15 U.S.C. § 1681s-2(a) by the publishing of the Account Liability Representation; by failing to fully and improperly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

82. Specifically, the Defendant Ally continued to report this account on the Plaintiff's credit report after being notified of his dispute regarding the conflicting statuses and past due balance.

83. As a result of the conduct, action and inaction of the Defendant Ally, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

84. The conduct, action and inaction of Defendant Ally was willful, rendering Defendant Ally liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

85. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Ally in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Rhoan Mcdonald, an individual, demands judgment in his favor against Defendant, Ally, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## SIXTH CAUSE OF ACTION
### (Negligent Violation of the FCRA as to Ally)

86. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

87. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

88. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

89. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

90. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above-named Defendant must report the results to other agencies which were supplied such information.

91. Defendant Ally is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(a).

92. After receiving the Dispute Notice from Experian, Defendant Ally negligently failed to conduct its reinvestigation in good faith.

93. A reasonable investigation would require a furnisher such as Defendant Ally to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

94. The conduct, action and inaction of Defendant Ally was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

95. As a result of the conduct, action and inaction of the Defendant Ally, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

96. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant Ally in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Rhoan Mcdonald, an individual, demands judgment in his favor against Defendant, Ally, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## DEMAND FOR TRIAL BY JURY

97. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

 a) For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

 b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d) For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

g) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: June 16, 2020

/s/ David Force
**Stein Saks, PLLC**
By: David Force
285 Passaic Street
Hackensack, NJ 07601
Phone: (201) 282-6500 ext. 107
Fax: (201)-282-6501
dforce@steinsakslegal.com